## Eliza McLaflin et al. v. Malden Jones et al.

1. LACHES—*Equity Favors the Vigilant.*—It is a maxim that courts of equity will not favor the slothful, but the vigilant, and they enforce it by applying, by way of analogy, the period fixed by the statutes of limitations as a bar to actions at law.

2. SAME—*When Applicable to Trusts.*—Where a trust is not an express trust, but is so merely by implication, the rule that *laches* will bar relief may be applied.

**Memorandum.**—Proceedings in equity. Error to the Circuit Court of Douglas County; the Hon. EDWARD P. VAIL, Judge, presiding. Heard in this court at the May term, 1894, and decree affirmed. Opinion filed October 29, 1894.

HORACE S. CLARK, attorney for plaintiffs in error.

E. L. WALKER and ECKHART & MOORE, attorneys for defendants in error.

MR. PRESIDING JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

On January 30, 1876, Eliza McLaflin gave to Alvin Jones a power of attorney, under seal, to collect any notes and indebtedness accruing to her on account of her interest in the estate of her former husband, Eli Woods, deceased, by virtue of the provisions of his will.

Under the power of attorney said Alvin Jones received from Caleb Bailes, who was administrator of Allen Campbell, deceased, who was the executor of said Eli Wood, a note of D. W. & Malden Jones for $1,249.60, a note of Moses Kauffman for $640, and a certificate of deposit issued by the bank of J. C. Justice for $1,000.

This paper was all assigned by Bailes, as administrator, to said Alvin Jones. The certificate of deposit was paid to him and he loaned the money to two other parties, and the notes taken therefor, together with the other notes above mentioned, were by him placed in the First National Bank of Arcola for safe keeping. Afterward he made an arrangement with said D. W. & Malden Jones by which their note was credited with some $965, which he owed said Malden Jones, and the balance due on that note was paid to him in a check on said bank, the amount of the check being placed to his individual credit in the bank. Still later the notes on Kauffman and the other parties were paid to the bank, and the amount was passed to his credit on certain notes which the bank held against him. These collections were made during a period of several months, while by reason of ill health he was not at the bank, and was not informed of the fact or of the disposition that the bank made of the money until April, 1877.

He assented to the arrangement, however, and from time to time paid Mrs. McLaflin interest on the whole sum that he had thus received (through the bank and from D. W. & Malden Jones, including the credit on account of his indebtedness for $965), until 1883, when he ceased. On the 20th of March, 1890, Mrs. McLaflin and some of the heirs of Wood filed a bill in chancery against said Alvin Jones, the Arcola Bank, J. C. Justice and D. W. & Malden Jones.

The theory of the bill was that said Alvin was a trustee, and held the funds received from Bailes in that capacity and that said bank, and Justice, and the said D. W. & M. Jones being advised of the character of the fund, had by their dealings with said Alvin Jones, made themselves liable in the same capacity as the trustee.

The court upon a final hearing dismissed the bill as to all except the said Alvin Jones, and the complainants have prosecuted the present writ of error.

The certificate of deposit issued by the bank of J. C. Justice was for money deposited by said Allen Campbell.

It was in the usual form and was indorsed by Bailes, ad-

ministrator to Alvin Jones, who presented it for payment, and it was paid.

We see nothing in the transaction of which complaint can be made against Justice. He paid the amount in money in the usual course of business, to an indorser of the certificate, as he was bound to do. Certainly he can not be charged with any liability because Alvin Jones afterward misapplied the funds. He was properly dismissed by the decree.

As to the Tuscola bank and said D. W. & Malden Jones, the charge is that the proceeds of the fund held by Alvin as trustee, were applied to the payment of his personal indebtedness to Malden Jones and to said bank respectively.

Conceding, for the sake of argument, that there were such circumstances as to make these parties liable as trustees, still we think the bill was properly dismissed on the ground of *laches*.

The alleged misappropriation occurred as early as April, 1877, and the present suit was not commenced until 1890.

It is true that Alvin Jones paid interest up to 1883, and perhaps until he ceased to do so, the complainants were not aware of the situation; but if so, it was gross neglect on their part not to have known the real condition of the fund.

At any rate a period of seven years elapsed after the payment of interest was no longer made before the suit was brought. Certainly this is such *laches* as should bar all relief in a court whose maxim it is to favor, not the slothful but the vigilant, and to enforce it by applying, by way of analogy, the period fixed by the statutes of limitation as a bar to actions at law.

It is said, however, that this is a trust, and that *laches* can not be interposed as a defense. It is not an express trust, but if a trust, it is so merely by implication of law, and in such cases we understand the rule to be that *laches* will bar relief. Wood on Limitations, Sec. 215; Angell on Limitations, Sec. 166; School Directors v. School Directors, 16 Brad. 651.

While authorities may be found which seem to sustain
the view that this defense can not be made in such cases,
yet we think they overlook the well established distinction
above stated between express and implied trusts.

The decree will be affirmed.